**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re:                                    )
                                          )
NEKEA J. BROWN,                           )    Case No. 16-12609-BFK
                                          )    Chapter 13
            Debtor.                       )
                                          )
_____   )

**MEMORANDUM OPINION**
**AND ORDER**

This matter came before the Court on April 12, 2017, on the Objections of Michael Koss to the Debtor's Amended Chapter 13 Plan. Docket Nos. 38 (Amended Plan), 40 (Objections). Mr. Koss is the Debtor's ex-husband. He holds a non-dischargeable judgment against the Debtor in the amount of $50,000.00, arising out of a State court judgment for defamation. *Koss v. Brown*, Adv. Pro. No. 16-01203-BFK. At the conclusion of the confirmation hearing on the Debtor's Amended Plan, the Court overruled all of Mr. Koss's Objections for the reasons stated on the record, except the Court took one issue under advisement and requested that the parties submit briefs. This issue is: how are child support payments to be treated for above-median debtors under the Means Test? The parties submitted their briefs, which the Court has reviewed. Docket Nos. 47 (Debtor's Brief), 48 (Mr. Koss's Brief), 49 (Trustee's Brief).

For the reasons stated below, the Court sustains Mr. Koss's objection that the Debtor has failed to account for her child support payments in accordance with Section 1325(b)(2) of the Code. 11 U.S.C. § 1325(b)(2). The Court will not, however, require the Debtor to file an Amended Plan. Rather, the Court will set a continued hearing on confirmation of the Debtor's already-filed Amended Plan, and will order the Debtor to file Amended Forms 122C-1 and 122C-2 (commonly referred to as the Means Test).

1

**Procedural History**

The Debtor, Nekea J. Brown, filed a voluntary petition under Chapter 13 on July 28, 2016. After an extension of time (Docket No. 11), she filed her Schedules and her Chapter 13 Plan. Docket Nos. 13, 14. The Chapter 13 Trustee objected to the Debtor's Plan on the grounds that her Means Test forms did not account for her mother's contribution of one-half of her monthly mortgage payments. Docket No. 16. The Court sustained the Trustee's Objection. Docket No. 18. The Debtor filed Amended Means Test forms and an Amended Plan. Docket Nos. 20, 21. The Trustee again objected, and moved to dismiss the case. Docket Nos. 23, 24. The Debtor filed a second Amended Plan and a second set of Means Test forms. Docket Nos. 28, 29. The Court again sustained the Trustee's Objection. Docket No. 35. Once again, the Debtor filed a third Amended Plan and amended Means Test forms. Docket Nos. 37, 38. The Trustee objected, as did Mr. Koss. Docket Nos. 39, 40.

Ultimately, the Trustee withdrew his Motion to Dismiss and withdrew his objections to the Debtor's third Amended Plan. Docket Nos. 44, 45. Mr. Koss went forward on his objections. The Court, as noted above, overruled all of Mr. Koss's objections, with the exception of the objection relating to the treatment of the Debtor's child support income on the Means Test. The Court, having reviewed the briefs, will sustain Mr. Koss's objection.

**Legal Conclusions**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference of the U.S. District Court for this District entered August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L) (confirmation of plans).

Under Chapter 13, debtors are provided the opportunity to repay their debts over a period of 36 months for below-median debtors and 60 months for above-median debtors. 11 U.S.C. §

1325(b)(4) (applicable commitment period). Where a party in interest objects, the debtor must pay all allowed unsecured claims in full or must devote all of his or her disposable income to the plan. 11 U.S.C. § 1325(b)(1).

>The term "disposable income" means:
>
>current monthly income received by the debtor (*other than child support payments*, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law *to the extent reasonably necessary to be expended for such child)* less amounts reasonably necessary to be expended [either in actual expenses as set forth in Schedule J for below-median debtors or in expenses set out in National and Local Standards for above-median debtors].

11 U.S.C. § 1325(b)(2) (emphasis added).

The issue here is what exactly the phrase "to the extent reasonably necessary to be expended for such child" means. The term "current monthly income" is defined in Section 101(10A) of the Code. The Fourth Circuit has held that all sources of income are considered as current monthly income for purposes of the means test, unless statutorily excluded. *Mort Ranta v. Gorman (In re Mort Ranta),* 721 F.3d 241, 251-53 (4th Cir. 2013) (social security income statutorily excluded under Section 101(10A)).

>The Means Test forms contain the following instructions:
>
>4. All amounts from any source which are regularly paid for household expenses of you or your dependents, *including child support*. Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3 [Alimony and Maintenance Payments].

http://www.uscourts.gov/forms/means-test-forms/chapter-13-statement-your-current-monthly-income-and-calculation-commitment (Form 122C-1) (Emphasis added).

>40. Fill in any reasonably necessary income you receive for support for dependent children. The monthly average of any *child support* payments, foster care payments, or disability payments for a dependent child, reported in Part I of Form 122C-1, that you received in accordance with applicable nonbankruptcy law *to the extent reasonably necessary to be expended for such child.*

3

http://www.uscourts.gov/forms/means-test-forms/chapter-13-calculation-your-disposable-income (Form 122C-2) (emphasis added).

The Committee Notes for these forms state as follows:

> Alimony and child support are also given special treatment. Child support is not generally considered "income" to the recipient. See 26 U.S.C. § 71(c). Thus, child support is only part of CMI if it is paid on a regular basis for the household expenses of the debtor or the debtor's dependents. On the other hand, alimony and other forms of spousal support are considered income to the recipient, and thus are within CMI regardless of the regularity and use of the payments. To address this distinction, the instruction in the entry line for regular payments of household expenses directs that the entry include regular child support payments used for household expenses of the debtor or the debtor's dependents, and the instruction for the "catch-all" line directs inclusion of all spousal support payments that are not otherwise reported as spousal income.

http://www.uscourts.gov/forms/means-test-forms/chapter-13-calculation-your-disposable-income (Committee Notes).

In this case, the Debtor stated "$0.00" on Line 4 of her amended Means Test (Form 122C-1) and left Line 40 on Form 122C-2 blank. Docket No. 37. In fact, the Debtor receives $1,300.00 in monthly child support from Mr. Koss. Docket No. 38, Schedule I, Line 8c.

The Seventh Circuit recently addressed the issue in the case of *In re Brooks*, 784 F.3d 380 (7th Cir. 2015). In *Brooks*, the Chapter 13 Trustee objected to confirmation on disposable income grounds, arguing that the debtor was not accounting for her child support income. The Seventh Circuit interpreted the phrase "reasonably necessary" to be coextensive with the equivalent standard under State law for an award of child support. That is, it agreed with the bankruptcy court that "as a general matter, child support payments may be presumed 'reasonably necessary,' and therefore fully excludable from the calculation of disposable income, except in the rare case where the payments are so excessive in relation to essential expenditures that they cannot be deemed crucial for the support of minor children." *Id*. at 384. The Court acknowledged that Section 1325(b)(2)'s "reasonably necessary" language retains "some independent force as a backstop against abuse of the bankruptcy system." *Id*. at 387. The Court rejected the Trustee's

argument that there will be double counting of expenses if child support is wholly excluded from the debtor's income because expenses that are reasonably necessary for support of minors are largely captured elsewhere in the Means Test. The Seventh Circuit found that there was no serious risk of a windfall to the custodial parent, and further, "even if a double deduction occasionally results . . . 'Congress likely weighed this as a lesser evil than depriving dependent children of the benefit of funds intended solely for their care.'" *Id.* at 387 (quoting *In re Brooks*, 498 B.R. 856, 863 (Bankr. C.D. Ill. 2013)).

There is much to recommend the Seventh Circuit's approach. The Seventh Circuit is correct in the sense that excluding child support payments from the debtor's income avoids bankruptcy courts' involvement in determining what may be reasonably necessary for the support of minor children. *Cf. Carver v. Carver*, 954 F.2d 1573, 1578 (11th Cir. 1992) ("Traditionally, the federal courts have been wary of becoming embroiled in family law matters.") Still, the phrase "to the extent reasonably necessary to be expended for such child" in Section 1325(b)(2) has to mean something, and the exclusion of child support payments altogether has the effect of reading the phrase out of the statute. If Congress had wanted to exclude child support payments entirely, it could have simply said "excluding child support," without adding the additional phrase "to the extent reasonably necessary."

The Seventh Circuit recognized that the exclusion of child support from disposable income will have the anomalous effect of favoring above-median debtors over below-median debtors, but the Court chose not to resolve the question. *Brooks*, 784 F.3d at 384 n. 3 ("we address here only the above-median debtor scenario and save the question of the applicability of our holding to below-median debtors for another day.") This disparate (and unexpected) treatment would happen because below-median debtors' expenses are not determined under the

5

Means Test; their actual expenses are listed on Schedule J. (There is no dispute that all debtors must report child support income on Schedule I.) Below-median debtors only fill out Form 122C-1; they are not required to fill out Form 122C-2, which contains Line 40 quoted above. Above-median debtors, on the other hand, calculate their expenses under the Means Test. Thus, above-median debtors would be substantially advantaged by excluding child support income entirely on the Means Test.

In the Court's view, the phrase "to the extent reasonably necessary to be expended for such child" is designed to account for child support income and to allow a deduction for expenses reasonably necessary for the support of minor children, while at the same time avoiding double-counting of expenses on the Means Test. Even the Seventh Circuit recognized that there may be "extreme cases" where child support payments are "so excessive in comparison to acceptable expenditures that they cannot be deemed 'reasonably necessary.'" *Id*. at 388. In the Court's view, including child support income and then excluding it to the extent reasonably necessary for the support of minor children (but not double-counting) is consistent with the statutory language and with the Means Test forms.[1]

Finally, the Court's holding in this case raises a subsidiary issue. The Debtor's and Mr. Koss's children attend a private school. She has taken the allowed Means Test deduction of $1,925.00 per year per child, or $160.00 per month per child (a total of $320.00 in this case for two children). Docket No. 37, Form 122C-2, Line 29; 11 U.S.C. § 707(b)(2)(A)(ii)(IV) (capping the amount at $160.42 per month per child). The issue is: can the Debtor exceed this amount in accounting for expenses reasonably necessary for the support of the children on Line 40 of the

---

[1] The Court is not concerned with opening a floodgate of objections to Chapter 13 plans where debtors receive child support. If, as the Seventh Circuit suggests, "child support is widely considered inadequate" (*Brooks*, 784 F.3d at 386), most above-median debtors will have little difficulty identifying expenses reasonably necessary for the support of their minor children that are not captured elsewhere on the Means Test forms.

6

Means Test? The answer in the Court's view is yes. The Court's holding is premised on the notion of avoiding double-counting, but nothing in Section 1325(b)(2)'s "reasonably necessary" standard suggests that the deduction for reasonably necessary expenses is limited by the other provisions of the Means Test, here Section 707(b)(2)(A)(ii)(IV)'s cap on the deduction for private school tuition. In fact, the opposite is true – Section 1125(b)(2) and Line 40 are designed to allow for reasonable and necessary expenses not otherwise allowed under the Means Test. The Debtor will be entitled to take a deduction on Line 40 for any amounts reasonably expended for private school for the children that may be in excess of the Line 29 deduction of $320.00 per month.

For these reasons, the Court will set the matter for a hearing and will order the Debtor to file amended Means Test forms that: (a) capture her child support income on Line 4; and (b) take whatever deductions for expenses "reasonably necessary" for the support of the children on Line 40, but only to the extent not already accounted for in other parts of the Means Test.

### Conclusion

For the foregoing reasons, it is **ORDERED**:

1. The Court sustains Mr. Koss's disposable income objection to the extent that the Debtor has not accounted for her child support income.

2. The Court will set this matter for a continued confirmation hearing on the Debtors' Amended Plan on **June 15, 2017, at 1:30 p.m.**

3. The Debtor is ordered to file Amended Means Test forms (Forms 122C-1 and 122C-2) by **June 1, 2017.** Any objections to the Debtor's Amended Plan based on the amended Means Test form must be filed by **June 8, 2017.**

4.   The Clerk will mail copies of this Memorandum Opinion and Order, or will provide cm-ecf notice of its entry, to the parties below.

Date: May 16 2017                               /s/ Brian F. Kenney
                                                Brian F. Kenney
Alexandria, Virginia                            United States Bankruptcy Judge

                                                Entered on Docket:May 17 2017

<u>Copies to</u>:

Nekea Brown
7937 Bayberry Drive
Alexandria, VA 22306
    *Chapter 13 Debtor*

Robert R. Weed, Esquire
300 Garrisonville Rd., Suite 201
Stafford, VA 22554
    *Counsel to the Chapter 13 Debtor*

Pamela L. Cave, Esquire
4160 Chain Bridge Road
Fairfax, VA 22030
    *Counsel for Michael Koss*

Marcelo R. Michel, Esquire
Office of the Chapter 13 Trustee
300 N. Washington St., Ste. 400
Alexandria, VA 22314
    *Counsel for the Chapter 13 Trustee*